UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES TREVOR PALMER and<br>RUTH ANNA WANSTRATH PALMER | CIVIL ACTION<br>NO. 11-1564 |
| VERSUS | |
| CHASE HOME FINANCE LLC, ET AL. | SECTION "N" (1) |

## ORDER AND REASONS

Presently before the Court is the motion for summary judgment filed by Defendant Alternative Lending Services, LLC ("Alternative")(Rec. Doc. 15). Defendant Chase Home Finance LLC ("Chase") has joined the motion. *See* Rec. Doc. 23. Having carefully considered the parties' supporting and opposing submissions, and applicable law, **IT IS ORDERED** that the motion is **GRANTED** in that summary judgment is granted in Alternative's favor and partial summary judgement is granted in Chase's favor.[1] Thus, **IT IS FURTHER ORDERED** that the claims addressed by the instant motion are **DISMISSED WITH PREJUDICE** as to both defendants.

## BACKGROUND

Plaintiffs' claims addressed by the instant motion concern Alternative's purported assignment and transfer to Chase of the note and mortgage executed in Alternative's favor by Plaintiffs in 2004. In short, Plaintiffs seemingly contest Defendants' assertion that the note and

---

[1] As asserted by Chase, the motion addresses only certain of Plaintiffs' claims against it. Thus, as to Chase, the motion functions only as a motion for partial summary judgment. As asserted by Alternative, however, the motion addresses the entirety of Plaintiffs' claims against it.

mortgage were validly assigned to Chase such that it was the proper party to institute any foreclosure proceedings against Plaintiffs.

## **LAW AND ANALYSIS**

### I. **Summary Judgment Standard**

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(a), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *See* Fed. R. Civ. P. 56(c)(3)("court need consider only the cited materials"); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003)("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit

3

a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

## II. **Application of Legal Principles**

Applying the foregoing legal principles here, and for essentially the reasons stated in Defendants' supporting memoranda (Rec. Docs. 15-1, 30 and 32), the Court finds that Defendants have met their burden, under Rule 56(a) and (c), of demonstrating that the submitted record evidence contains insufficient proof of Plaintiffs' claims addressed in Alternative's motion, and that Defendants are entitled to judgment as matter of law as to those claims. On the other hand, Plaintiffs have not satisfied their burden, under Rule 56(c), of citing to particular record documents demonstrating the existence of a genuine dispute as to material facts.

The Court additionally notes that, in some respects, Plaintiffs' opposition memorandum (Rec. Doc. 24) misstates Alternative's assertions made in support of summary judgment. Furthermore, Plaintiffs' objections to the validity of the endorsement in question appear only in their opposition memorandum (not their petition). Indeed, paragraph XIV of the petition (Rec. Doc. 1-1) alleges: "The Note was endorsed by [Alternative] to [Chase]." Finally, although Plaintiffs complain that Chase has not provided them with documentation proving the authenticity of the note endorsement, the record does not reflect Plaintiffs' filing of a motion seeking to compel production of such documents, or any efforts (or obstacles) to deposing relevant persons. Nor have Plaintiffs provided an affidavit or declaration in accordance with Rule 56(d) explaining why it "cannot present facts essential to justify its opposition." *See* Fed. R. Civ. P. 56(d). Thus, the Court finds the instant motion to be meritorious.

## **CONCLUSION**

For all the reasons stated herein, the Court grants Defendants' motion. Thus, the particular claims therein are dismissed with prejudice.

New Orleans, Louisiana, this 15th day of January 2013.

_____
**KURT D. ENGELHARDT**
**United States District Judge**