UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES TREVOR PALMER and<br>RUTH ANNA WANSTRATH PALMER | CIVIL ACTION<br><br>NO. 11-1564 |
| VERSUS | |
| CHASE HOME FINANCE LLC, ET AL. | SECTION "N" (1) |

## ORDER AND REASONS

Presently before the Court is Defendant Chase Home Finance LLC's motion seeking partial dismissal, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, of certain of Plaintiffs' claims (Rec. Doc. 21). The Court having carefully reviewed the parties' submissions, **IT IS ORDERED** that the motion is **DENIED IN PART** as **MOOT** and **GRANTED IN PART** to the extent stated herein.

## BACKGROUND

Defendant Chase Home Finance LLC ("Chase") holds the mortgage on Plaintiffs' New Orleans home. Plaintiffs' claims against Chase arise out of and relate to acts and alleged omissions occurring during the course of that relationship, including, but not limited to, a written request for information made by Plaintiffs on February 18, 2010, to which Chase purportedly did not respond. This suit was instituted in state court on June 22, 2011, and removed on July 5, 2011. With the motion presently before the Court, Chase seeks dismissal of some, but not all, of Plaintiffs' claims.

## LAW AND ANALYSIS

The standard for a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is the same as a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6). *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n. 8 (5th Cir. 2002). As discussed in *Bishop v. Shell Oil Co.*, No. 07-2832, 2008 WL 2079944, *1-2 (E.D. La. 5/16/08) (Engelhardt, J.), Rule 8 of the Federal Rules of Civil Procedure requires that the complaint provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, 534 U.S. 506, 511, 122 S. Ct. 992, 998 (2002) (internal citations omitted); *see also Christopher v. Harbury*, 536 U.S. 403, 416, 122 S. Ct. 2179, 2187 (2002) (the elements of the plaintiff's claim(s) "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant"). Although a complaint does not need "detailed factual allegations, . . . more than labels and conclusions are necessary, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal citations and quotations omitted); *see also Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Thus, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007) *(quoting Twombly,* 550 U.S. at 570)).[1] The degree of required specificity, however, depends on context, *i.e.*,

---

[1] The Tenth Circuit Court of Appeals has described *Twombly* as "seek[ing] to find a middle ground between 'heightened fact pleading,' which is expressly rejected [relative to Rule 8] . . . and allowing complaints that are not more than 'labels and conclusions' or a 'formulaic

the type of claim at issue. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

In evaluating motions to dismiss filed under Rule 12(b)(6), the Court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir.), *cert. denied*, 476 U.S. 1159, 106 S. Ct. 2279 (1986). If sufficient notice of the basis of the plaintiff's claim is provided, "dismissal will not be affirmed if the allegations [made] support relief on any possible theory" of recovery. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999) (internal citations omitted). Moreover, "[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne,* 252 F.3d 352, 357 (5th Cir. 2001). Finally, to the extent that the complaint's allegations are simply vague or ambiguous, a motion for more definite statement, pursuant to Rule 12(e), is appropriate. *Swierkiewicz,* 534 U.S. at 514, 122 S. Ct. 998.

Applying these principles and other applicable law, the Court finds Chase's motion to be **MOOT** insofar as it seeks dismissal of any claims asserted under Louisiana tort law on grounds of prescription or the absence of solidary liability. The same is likewise true relative to Chase's contention that Plaintiffs have not alleged a legal basis under Louisiana law for recovering punitive damages, attorney's fees, or mental anguish damages. Specifically, Plaintiffs' opposition memorandum confirms that: (1) they do not seek relief under Louisiana tort law, and (2) in requesting an award of mental anguish damages, punitive damages, and attorney's fees and costs, Plaintiffs rely solely on the provisions of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601, et seq.

---

recitation of the elements of a cause of action,' which the Court stated 'will not do.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

3

With respect to Plaintiffs' claims under RESPA, however, **IT IS ORDERED** that motion is **GRANTED** for essentially the reasons stated by Chase. Nevertheless, based on Plaintiffs' opposition memorandum, the Court cannot say that amendment of Plaintiffs' allegations regarding RESPA necessarily would be futile. Thus, Plaintiffs' RESPA claims are **DISMISSED WITHOUT PREJUDICE** to Plaintiffs' right to amend those allegations of their petition, no later than twenty (20) days from the entry of this Order and Reasons, so as to state a viable claim for liability. Any such submission shall be made in the form of an amending and superseding complaint that includes the allegations in Plaintiffs' petition upon which they still rely, as well as their additional allegations. If Plaintiffs cannot, or do not, cure these deficiencies by timely amendment, the Court shall, upon motion by Defendant, order its dismissal of Plaintiffs' RESPA claims to be with prejudice.

## Conclusion

As stated herein, **IT IS ORDERED** that the motion to dismiss presently before the Court is denied in part and granted in part. Any amendments made in accordance with the Court's instructions herein are to be made no later than twenty (20) days following entry of this Order and Reasons.

New Orleans, Louisiana, this 15th day of January 2013.

_____
**KURT D. ENGELHARDT**
**United States District Judge**